**ORIGINAL**

**VIA FAX**

David C. Parisi (SBN 162248)
dcparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California   91403
(818) 990-1299 (phone)
(818) 501-7852 (facsimile)

ATTORNEYS FOR PLAINTIFF      e-filing

FILED

OCT 15 AM 9: 51

CLERK, U.S. DISTRICT COURT
NORTHERN DIST OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CRB

| | |
|---|---|
| DANIELLE LERNER, individually and on behalf of a class of similarly situated individuals, | ) CV 09 4897 ) ) CLASS ACTION COMPLAINT ) FOR DAMAGES AND |
| Plaintiff, | ) INJUNCTIVE RELIEF ) |
| v. | ) 1.) Violation of 47 U.S.C. § 227 ) |
| | ) DEMAND FOR JURY TRIAL |
| THE GAP INC., a Delaware corporation, DOES 1-10, inclusive, | ) ) ) |
| Defendants. | ) |

## CLASS ACTION COMPLAINT

Plaintiff Danielle Lerner brings this class action complaint against Defendants The

Gap, Inc. ("Gap") and Does 1-10 ("Does") to stop Defendants' practice of making

unsolicited text message calls to cellular telephones, and to obtain redress for all persons

injured by their conduct.  Plaintiff, for her class action complaint, alleges as follows upon

personal knowledge as to herself and her own acts and experiences, and, as to all other

matters, upon information and belief, including investigation conducted by her attorneys.

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1

**NATURE OF THE CASE**

2      1.      In an effort to promote a holiday sale of its Old Navy line of consumer

3 apparel, Gap, the proprietor of one of the nation's largest clothing retailers, engaged in an

4 especially pernicious form of marketing: the transmission of unauthorized advertisements in

5 the form of "text message" calls to the cellular telephones of consumers throughout the

6 nation.

7      2.      By effectuating these unauthorized text message calls (hereinafter, "wireless

8 spam"), Defendants have caused consumers actual harm, not only because consumers were

9 subjected to the aggravation that necessarily accompanies wireless spam, but also because

10 consumers frequently have to pay their cell phone service providers for the receipt of such

11 wireless spam.

12      3.      In order to redress these injuries, Plaintiff, on behalf of herself and a

13 nationwide class of similarly situated individuals, brings suit under the Telephone Consumer

14 Protection Act, 47 U.S.C. § 227, *et seq.* ("47 U.S.C. § 227"), which prohibits unsolicited

15 voice and text calls to cell phones.

16      4.      On behalf of the class, Plaintiff seeks an injunction requiring Defendants to

17 cease all wireless spam activities and an award of statutory damages to the class members,

18 together with costs and reasonable attorneys' fees.

19

**PARTIES**

20      5.      Plaintiff is an individual who at all relevant times lived in New Jersey.

21      6.      Defendant The Gap, Inc. is a Delaware corporation who at all relevant times

22 maintained its headquarters and principal place of business in California. A global retailer of

23 apparel products, Defendant does business throughout the United States, including this

24 county.

25      7.      Plaintiff is currently ignorant of the true names and capacities, whether

26 individual, corporate, associate, or otherwise, of the defendants sued herein under the

27 fictitious names Does 1 through 10, inclusive, and therefore, sues such defendants by such

28

1  fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names

2  and capacities of said fictitiously named defendants when their true names and capacities

3  have been ascertained. All parties, however, including Does 1 through 10 and the Gap who

4  are collectively referred to herein as "Defendants," are believed to be citizens of different

5  states.

6      8.      Plaintiff is informed and believes and based thereon alleges that each of the

7  fictitiously named Doe defendants, including any unknown subsidiaries or affiliates of

8  Defendant Gap, is legally responsible in some manner for the events and occurrences alleged

9  herein, and for the damages suffered by Plaintiff.

10      9.      Plaintiff is informed and believes and based thereon alleges that all

11  defendants, including the fictitious Doe defendants, were at all relevant times acting as actual

12  agents, conspirators, ostensible agents, partners and/or joint venturers and employees of all

13  other defendants, and that all acts alleged herein occurred within the course and scope of said

14  agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the

15  express and/or implied permission, knowledge, consent, authorization and ratification of their

16  co-defendants; however, each of these allegations are deemed alternative theories whenever

17  not doing so would result in a contraction with the other allegations.

18                          **JURISDICTION & VENUE**

19      10.      The Court has subject matter jurisdiction over this action pursuant to 28

20  U.S.C. § 1332 (d), because (a) at least one member of the putative class is a citizen of a state

21  different from Defendants, (b) the amount in controversy exceeds \$5,000,000, exclusive of

22  interest and costs, and (c) none of the exceptions under that subsection apply to this action.

23      11.      This Court has personal jurisdiction over the Defendants under Cal. Code Civ.

24  Proc. § 410.10 because certain of the acts alleged herein were committed in California (and,

25  specifically, the Northern District of California).

26

27

28

1   12.   Venue is proper in this district under 28 U.S.C. § 1391(a) as Defendant Gap is

2   a resident of this district and a substantial part of the events concerning the wireless spam at

3   issue occurred in this district.

4   **INTRADISTRICT ASSIGNMENT**

5   13.   The conduct giving rise to the claim in this matter originated in the County of

6   San Francisco, Defendant Gap's principle place of business.  Under Local Rule 3-2(c), (d),

7   this civil action should be assigned to the San Francisco division of the Northern District of

8   California.

9   **COMMON ALLEGATIONS OF FACT**

10   14.   In recent years, marketers who often have felt stymied by federal laws

11   limiting solicitation by telephone, facsimile machine, and e-mail have increasingly looked to

12   alternative technologies through which to send bulk solicitations cheaply.

13   15.   One of the newest types of such bulk marketing is to advertise through Short

14   Message Services.  The term "Short Message Service" or "SMS" is a messaging system that

15   allows cellular telephone subscribers to use their cellular telephones to send and receive short

16   text messages, usually limited to 160 characters.

17   16.   A "SMS message" is a text message call directed to a wireless device through

18   the use of the telephone number assigned to the device.  When an SMS message call is

19   successfully made, the recipient's cell phone rings, alerting him or her that a call is being

20   received.  As cellular telephones are inherently mobile and are frequently carried on their

21   owner's person, calls to cellular telephones, including SMS messages, may be received by

22   the called party virtually anywhere worldwide.

23   17.   Unlike more conventional advertisements, wireless spam actually costs its

24   recipients money, because cell phone users must frequently pay their respective wireless

25   service providers either for each text message call they receive or for a text plan that includes

26   a number of messages, regardless whether or not the message is authorized.

27

28
_____
CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF        4

4

1    18.    Over the course of an extended period beginning in at least 2005, Defendants

2  directed the nationwide mass transmission of wireless spam to the cell phones of what they

3  hoped were potential customers of Gap's Old Navy line of apparel products.

4    19.    For instance, on or about November 21, 2005, Plaintiff's cell phone rang,

5  indicating that a text call was being received.

6    20.    The "from" field of such transmission was identified cryptically as "89887,"

7  a format which Plaintiff later learned was an abbreviated telephone number known as an

8  SMS short code.  The body of such text message read:

9

10
                        KICK OFF HOLIDAY SHOPPING @ OLD NAVY!
                        SCORE VELVET BLAZERS, FAUX-FUR TRIM JACKETS
11                      & $10 DEALS JST 4 U THIS FRI! 2 END RPLY END
                        TEENPEOPLE.COM STD RATES APPLY.
12

13    21.    Over the next several months, Plaintiff received numerous additional spam

14  text message advertisements from Defendants that Defendants knowingly sent in violation of

15  Plaintiff's privacy.

16    22.    At no time did Plaintiff consent to the receipt of such text message calls from

17  Defendants.

18                        **CLASS ACTION ALLEGATIONS**

19    22.    Plaintiff brings this action pursuant to Federal Rule of Civil Procedure

20  23(b)(2) and Rule 23(b)(3) on behalf of herself and a class (the "Class") defined as follows:

21  all persons in the United States and its Territories who received one or more unauthorized

22  text message advertisements on behalf of Gap.

23    23.    In order to make their *en masse* transmission of text message advertisements

24  economical, Defendants used lists of thousands of cellular telephone numbers of consumers

25  acquired from third-parties and/or certain Doe Defendants.  As such, the Class consists of

26  thousands of individuals and other entities, making joinder impractical.

27

28

24.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Class.

25.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive, and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

26.     Defendants have acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class in transmitting the wireless spam at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class.

27.     The factual and legal bases of Defendants' liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class as a result of the transmission of the wireless spam alleged herein. Plaintiff and the other Class members have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct as a result of the transmission of the wireless spam.

28.     There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include but are not limited to the following:

(a)     Does the wireless spam Defendants distributed violate 47 U.S.C. § 227?

---

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**          6

6

     (b)     Are the Class's members entitled to treble damages based on the

willfulness of Defendants'' conduct?

### FIRST CAUSE OF ACTION
### (Violation of 47 U.S.C. § 227: On behalf of the Class)

29.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

30.     Defendants made unsolicited commercial text calls, including the message in paragraph 18, to the wireless telephone numbers of the Class.  Each such text message call was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.  By using such equipment, Defendants were able to effectively send thousands of text messages simultaneously to lists of thousands of wireless phone numbers of consumers without human intervention.

31.     These text calls were made *en masse* and without the prior express consent of the Plaintiff and the other members of the Class to receive such wireless spam.

32.     Defendants have, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii).  As a result of Defendants' conduct, the members of the class suffered actual damages by having to pay their respective wireless carriers for the text messages and, under section 227(b)(3)(B), are each entitled to, *inter alia,* a minimum of $500.00 in damages for each violation of such act.

33.     Because Defendants' had knowledge that Plaintiff and the Class did consent to the receipt of the aforementioned wireless spam, the Court should, pursuant to section 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the Class.

WHEREFORE, Plaintiff Danielle Lerner, on behalf of herself and the Class, prays for the following relief:

     1.     An order certifying the Class as defined above;

     2.     An award of actual and statutory damages;

---

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**    7

7

1    3.    An injunction requiring Defendants to cease all wireless spam

2          activities;

3    4.    An award of reasonable attorneys' fees and costs; and

4    5.    Such further and other relief the Court deems reasonable and just.

5    Dated: October 14, 2009                    PARISI & HAVENS LLP

6

7                                               By:

8                                               David C. Parisi
                                                Suzanne Havens Beckman
9                                               PARISI & HAVENS LLP
                                                Attorneys for DANIELLE LERNER,
10                                              individually and on behalf of a class of
                                                similarly situated individuals
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY DEMAND**

Plaintiff requests trial by jury of all claims that can be so tried.

Dated:  October 14, 2009

PARISI & HAVENS LLP

By:_____
David C. Parisi
Suzanne Havens Beckman
PARISI & HAVENS LLP
Attorneys for DANIELLE LERNER,
individually and on behalf of a class of
similarly situated individuals