David C. Parisi (SBN 162248)
dcparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
(818) 990-1299 (phone)
(818) 501-7852 (facsimile)

ATTORNEYS FOR PLAINTIFFS

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE LERNER, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>THE GAP INC., a Delaware corporation, FLYTXT LTD. d/b/a FLYTXT USA, INC., an United Kingdom corporation,<br><br>Defendants. | Case No. 3:09-cv-04897-CRB<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>1) Violation of 47 U.S.C. § 227<br><br>DEMAND FOR JURY TRIAL |

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Danielle Lerner brings this class action complaint against Defendants The Gap, Inc. ("Gap") and Flytxt Ltd. d/b/a Flytxt USA, Inc. ("Flytxt") to stop Defendants' practice of making unsolicited text message calls to cellular telephones, and to obtain redress for all persons injured by their conduct.  Plaintiff, for her class action complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE CASE

1.     In an effort to promote a holiday sale of its Old Navy line of consumer apparel, Gap, the proprietor of one of the nation's largest clothing retailers, engaged Flytxt, a self-described "leading mobile technology provider," to conduct an especially pernicious form of marketing: the unauthorized transmission of advertisements in the form of "text message" calls to the cellular telephones of consumers throughout the nation.

2.     By effectuating these unauthorized text message calls (hereinafter, "wireless spam"), Defendants have caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies wireless spam, but also because consumers frequently have to pay their cell phone service providers for the receipt of such wireless spam.

3.     In order to redress these injuries, Plaintiff, on behalf of herself and a nationwide class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("47 U.S.C. § 227"), which prohibits unsolicited voice and text calls to cell phones.

4.     On behalf of the class, Plaintiff seeks an injunction requiring Defendants to cease all wireless spam activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## PARTIES

5.     Plaintiff is an individual who at all relevant times lived in New Jersey.

6.     Defendant The Gap, Inc. is a Delaware corporation who at all relevant times maintained its headquarters and principal place of business in California. A global retailer of apparel products, Defendant Gap does business throughout the United States, including this district.

7.     Defendant Flytxt, Ltd. d/b/a Flytxt USA, Inc. is a defunct United Kingdom

corporation who at all relevant times maintained its headquarters and principal place of business in the United Kingdom. A mobile marketing enterprise, Defendant Flytxt did business throughout the United States, including this district.

## JURISDICTION & VENUE

8.     The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (d), because (a) at least one member of the putative class is a citizen of a state different from Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

9.     This Court has personal jurisdiction over the Defendants under Cal. Code Civ. Proc. § 410.10 because certain of the acts alleged herein were committed in California (and, specifically, the Northern District of California).

10.     Venue is proper in this district under 28 U.S.C. § 1391(a) as Defendant Gap is a resident of this district and a substantial part of the events concerning the wireless spam at issue occurred in this district.  Venue is also proper under 28 U.S.C. § 1391(d) as Defendant Flytxt is an alien and may be sued in any district.

## INTRADISTRICT ASSIGNMENT

11.     The conduct giving rise to the claim in this matter originated in the County of San Francisco, Defendant Gap's principal place of business.  Under Local Rule 3-2(c), (d), this civil action should be assigned to the San Francisco division of the Northern District of California.

## COMMON ALLEGATIONS OF FACT

12.     In recent years, marketers who often have felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and e-mail have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

13.     One of the newest types of such bulk marketing is to advertise through Short Message Services.  The term "Short Message Service" or "SMS" is a messaging system that

1    allows cellular telephone subscribers to use their cellular telephones to send and receive short

2    text messages, usually limited to 160 characters.

3        14.    A "SMS message" is a text message call directed to a wireless device through

4    the use of the telephone number assigned to the device.  When an SMS message call is

5    successfully made, the recipient's cell phone rings, alerting him or her that a call is being

6    received.  As cellular telephones are inherently mobile and are frequently carried on their

7    owner's person, calls to cellular telephones, including SMS messages, may be received by

8    the called party virtually anywhere worldwide.

9        15.    Unlike more conventional advertisements, wireless spam can actually cost its

10   recipients money, because cell phone users must frequently pay their respective wireless

11   service providers either for each text message call they receive or for a text plan that includes

12   a number of messages, regardless whether or not the message is authorized.

13       16.    Over the course of an extended period beginning in at least 2005, Defendants

14   directed the mass transmission of wireless spam to the cell phones nationwide of what they

15   hoped were potential customers of Gap's Old Navy line of apparel products.

16       17.    For instance, on or about November 21, 2005, Plaintiff's cell phone rang,

17   indicating that a text call was being received.

18       18.     The "from" field of such transmission was identified cryptically as "89887,"

19   a format which Plaintiff later learned was an abbreviated telephone number known as an

20   SMS short code licensed and operated by Defendant Flytxt.  The body of such text message

21   read:

    KICK OFF HOLIDAY SHOPPING @ OLD NAVY!
22   SCORE VELVET BLAZERS, FAUX-FUR TRIM JACKETS
    & $10 DEALS JST 4 U THIS FRI! 2 END RPLY END
23   TEENPEOPLE.COM STD RATES APPLY.

24

25       19.    Flytxt's use of an SMS short code enabled Defendants' mass transmission of

26   wireless spam to a list of cellular telephone numbers Flytxt acquired from third-parties and

27   then conveyed as an inexpensive marketing opportunity to advertisers such as Defendant

28   Gap.

20.     Over the several weeks following November 2005, Plaintiff received numerous additional spam text message advertisements from Defendants, including on or about December 16, 2005, that Defendants knowingly sent in violation of Plaintiff's privacy. On information and belief, Gap paid Flytxt for the creation and transmission of all such text message advertisements either directly or through third-parties, and supervised and approved all such advertisements.

21.     At no time did Plaintiff consent to the receipt of such text message calls from Defendants.

## CLASS ACTION ALLEGATIONS

22.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and a class (the "Class") defined as follows: all persons in the United States and its Territories who received one or more unauthorized text message advertisements on behalf of Gap since October 15, 2005.

23.     In order to make their *en masse* transmission of text message advertisements economical, Defendants used lists of thousands of cellular telephone numbers of consumers acquired from third-parties. As such, the Class consists of thousands of individuals and other entities, making joinder impractical.

24.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Class.

25.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive, and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions

or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

26.     Defendants have acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class in transmitting the wireless spam at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class.

27.     The factual and legal bases of Defendants' liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class as a result of the transmission of the wireless spam alleged herein. Plaintiff and the other Class members have all suffered harm and damages as a result of Defendants' unlawful and wrongful conduct as a result of the transmission of the wireless spam.

28.     There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class.  Common questions for the Class include but are not limited to the following:

> (a)     Does the wireless spam Defendants distributed violate 47 U.S.C. § 227?
>
> (b)     Are the Class's members entitled to treble damages based on the willfulness of Defendants' conduct?

**FIRST CAUSE OF ACTION**
**(Violation of 47 U.S.C. § 227: On behalf of the Class)**

29.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

30.     Defendants made unsolicited commercial text calls, including the message in paragraph 18, to the wireless telephone numbers of the Class.  Each such text message call was made using equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.  By using such equipment,

Defendants were able to effectively send text messages simultaneously to lists of thousands of consumers' wireless telephone numbers without human intervention.

31.     These text calls were made *en masse* and without the prior express consent of the Plaintiff and the other members of the Class to receive such wireless spam.

32.     Defendants have, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii).  As a result of Defendants' conduct, the members of the class suffered actual damages by having to pay their respective wireless carriers for the text messages and, under section 227(b)(3)(B), are each entitled to, *inter alia,* a minimum of $500.00 in damages for each violation of such act.

33.     Because Defendants had knowledge that Plaintiff and the Class did not consent to the receipt of the aforementioned wireless spam, the Court should, pursuant to section 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the Class.

WHEREFORE, Plaintiff Danielle Lerner, on behalf of herself and the Class, prays for the following relief:

1.     An order certifying the Class as defined above;

2.     An award of actual and statutory damages;

3.     An injunction requiring Defendants to cease all wireless spam activities;

4.     An award of reasonable attorneys' fees and costs; and

5.     Such further and other relief the Court deems reasonable and just.

1

2

**JURY DEMAND**

3

Plaintiff requests trial by jury of all claims that can be so tried.

4

5

Respectfully submitted,

6

Dated:  December 15 , 2009

7

8

By:_____s/David C. Parisi_____

9

David C. Parisi
PARISI & HAVENS, LLP

10

Attorneys for DANIELLE LERNER,
individually and on behalf of a class of

11

similarly situated individuals

12

13

Michael J. McMorrow (*Pro Hac Vice Application Pending*)

14

Ryan D. Andrews (*Pro Hac Vice Application Pending*)
KAMBEREDELSON LLC

15

350 North LaSalle Street
Suite 1300

16

Chicago, Illinois 60654

17

(312) 589-6370 (phone)
(312) 589-6378 (facsimile)

18

19

20

21

22

23

24

25

26

27

28